

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

300 Quarropas Street
White Plains, New York 10601

October 16, 2014

**BY HAND DELIVERY**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re:  *United States v. Selim Zherka*, S2 14 Cr. 545 (CS)

Dear Judge Seibel:

    The Government respectfully submits this letter requesting that the Court enter a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure governing the use and disclosure of discovery materials containing personal, proprietary or other confidential information produced by the Government in this action. A copy of the proposed order is attached.

    The parties appeared before Your Honor on September 19, 2014 for a bail hearing. The Government advised the Court that it had turned over in discovery 25 CD-Roms containing over approximately 200,000 pages of discovery and that we intended to produce at least another 100,000 pages within thirty days. The discovery in this case consists primarily of the following category of materials:

- Tax returns and return information for the defendant, businesses with which he is affiliated, and third parties;

- Bank records and other financial information relating to accounts held by the defendant and third parties;

- Court authorized wiretaps on the telephone lines of the defendant and others njwhich reflect intercepted communications among many third parties;

- Records, including many in electronic form, seized pursuant to a court-authorized search of a law office;

- Numerous loan files relating to the defendant and third parties; and

- Sensitive internal bank correspondence and policies.

On October 7, 2014, the Government sent a copy of the attached proposed protective order to defense counsel and requested his consent to its entry. On the following day, defense counsel responded and advised that the defense objects to the entry of a protective order. As explained below, given the nature of the discovery and the unique facts and circumstances of this case, a protective order should be issued in the form annexed.

## DISCUSSION

Rule 16(d)(1) authorizes district courts to regulate discovery through protective orders. The Rule provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has long approved protective orders under this Rule, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

The Advisory Committee Notes explain that the power to enter appropriate protective orders is "necessary" because a district court may be called upon to "[c]ontrol . . . abuses." Advisory Committee Notes to Fed. R. Crim. P. 16(d). The considerations that a court may take into account include "the safety of witnesses and others," "a particular danger [of] perjury or witness intimidation," and "the protection of business enterprises from economic reprisals." *Id.;* see also *United States v. Figueras*, 2009 WL 1364640, at *1-2 (W.D.N.Y. 2009) (protective order for identity of confidential informants); *United States v. Garcia*, 406 F. Supp. 2d 304, 306-07 (S.D.N.Y. 2005) (entering protective order governing defendants' access to and disclosure of Jencks Act material).

Protective orders are also appropriate where the "confidentiality and privacy interests" of third parties would be negatively affected by the disclosures. *United States v. O'Keefe*, 2007 WL 1239204, at *2 (D.D.C. 2007); see also *United States v. Luchko*, 2007 WL 1651139, at *7 (E.D. Pa. 2007) (protective order entered because of, among other reasons, personal privacy interests of third parties); *id.* at *10 ("The protective order protects the privacy interests of uncharged persons, promotes the government's policy of open discovery and prevents unnecessary disclosure of investigative techniques.").

The risk of disrupting ongoing criminal investigations presents yet another basis to impose a protective order limiting the dissemination of non-public discovery material. *See, e.g., United States v. Bin Laden*, No. 98 Cr. 1023 (LBS), 2001 WL 66393, at *2 (S.D.N.Y. Jan. 25, 2001) ("The Court adopted the Protective Order because of the serious risk that unauthorized disclosure of classified information would jeopardize the ongoing Government investigation into the activities of alleged associates of the Defendants."); *United States v. Mannino*, 480 F. Supp. 1182, 1188 (S.D.N.Y. 1979) (granting protective order where disclosure would impair ongoing criminal investigation).

Honorable Cathy Seibel
October 15, 2014
Page 3 of 4

      Here, there is far more than "good cause" to enter a protective order pursuant to Rule 16(d)(1) because of (i) uncharged third parties' privacy interests in the subject matter of the discovery materials, and (ii) the risk that public disclosure of this information will disrupt the ongoing criminal investigation and this prosecution.

      First, the discovery in this matter includes a vast amount of information, including sensitive financial information, relating to third parties who have not been charged with any criminal offenses and who engaged in financial transactions with the defendant. The discovery in this matter also includes electronically intercepted telephone calls among third parties, many of whom were never charged with crimes. No legitimate purpose is furthered by disclosing their identities, statements, or apparent conduct to the public. In fact, the public has no reasonable expectation of access to such information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (observing that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"). The use of the discovery material to besmirch the character and reputation of uncharged third parties should not be allowed.[1] Nor should the sensitive, personal identifiers – such as account numbers and social security numbers – contained in tax returns, bank and other financial records be disseminated. No legitimate purpose is served by allowing the public at large to have access to personal identity information of that nature.

      Second, the defendant in this case has a proven track record of obstruction in this very case. As detailed in the Government's September 18, 2014, bail submission, the defendant has engaged in these obstructive acts while he was represented by no fewer than six highly capable and experienced defense counsel, who obviously have no control over their client. This conduct alone demonstrates a compelling need for the entry of a protective order.

      Third, the defendant has also sued two of the agents involved in this investigation and has threatened to sue the prosecutors. *Selim "Sam" Zherka v. "Agent" Ryan of the Internal Revenue Service, et al.*, 13-CV-3940 (TPG). He should not be permitted to use the discovery he receives from the Government in this case to further harass and intimidate the agents and prosecutors.

      The proposed protective order would ensure that the defendant and his counsel have full access to the discovery materials, while also protecting the privacy interests of third parties whose sensitive information is contained in much of the materials. Accordingly, the proposed Protective Order would not restrict the defendant's right to prepare a vigorous defense, while also protecting the legitimate interests of uncharged third parties and the Government.

---

[1] The Government is aware that Local Criminal Rule 23.1 regulates counsel's extrajudicial statements, and the Government has every confidence that counsel in this case will abide by the Local Rules. But the defendant and any personnel who are not subject to an attorney's supervision are unlikely to be bound by Local Rule 23.1. Thus, Local Rule 23.1 does not provide protection against unauthorized disclosures made by the defendants or any third parties to whom they disclose sensitive protected information.

Honorable Cathy Seibel
October 15, 2014
Page 4 of 4

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court enter the proposed protective order to safeguard the sensitive information contained in discovery materials.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
ELLIOTT B. JACOBSON
PERRY A. CARBONE
Assistant United States Attorneys
(914) 993-1940, 1945

Enclosure

cc: Frederick Hafetz (ECF)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA               :

         -v.-                          :

SELIM ZHERKA,                          :    Protective Order
  a/k/a "Sam Zherka,"
  a/k/a "Sammy Zherka,"                :    S2 14 Cr. 545 (CS)

              Defendant.               :
- - - - - - - - - - - - - - - - - - - -x
```

Upon consideration of the application of the United States Attorney for the Southern District of New York for the entry of a Protective Order, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. Documents provided by the Government to the defense in this action pursuant to Federal Rule of Criminal Procedure Rule 16; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *United States v. Giglio*, are deemed confidential ("Confidential Information"). Confidential Information disclosed to the defendant and his counsel of record in this action:

   A.  Shall be used by the defendant and his counsel of record in this action solely for purposes of this criminal action; and

   B.  Shall not be disclosed in any form by the defendant or his counsel of record in this action except as set forth in paragraph 2 below.

1

2. The use and disclosure of Confidential Information produced to the defense in this case shall be subject to the following restrictions:

A. Confidential Information may be disclosed by the defendant or his counsel of record in this action only to the following designated persons: (i) all personnel employed by the defendant's counsel of record in this action, either full-time or part-time; (ii) independent expert witnesses or independent expert advisers retained -- pursuant to a written retainer agreement -- by the defendant or his counsel of record in this action in connection with this action; (iii) transactional witnesses, to the extent such transactional witnesses were previously aware of the Confidential Information and such disclosure is necessary for trial preparation; and (iv) such other persons as hereafter may be authorized by the Government or the Court upon motion by the defendant. The defense may not provide copies of documents containing Confidential Information to transactional witnesses.

B. The defense may not disclose Confidential Information to any person not identified in subparagraph A unless the defense makes a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defense may seek relief from the

2

Court.

C. No persons shall be provided, shown, or read the contents of any documents produced pursuant to terms of this Order, or any copy thereof, unless and until they have been provided with a copy of this Protective Order and certify under oath and in writing that they will comply with its terms. The defense shall maintain a record of all such persons and certifications.

D. The defense will not attach any documents produced pursuant to this Order to any public filings with the Court or publicly disclose any such documents, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

E. Nothing in this paragraph limits the use that the defense may make of any documents produced pursuant to the Order in court at trial.

3. The defendant agrees that he has no ownership or proprietary interest in the materials subject to this Protective Order. The defendant further agrees that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order

3

of the Court, whichever occurs first.

Dated:   White Plains, New York
         October       , 2014

                              SO ORDERED:

                              _____
                              HONORABLE CATHY SEIBEL
                              UNITED STATES DISTRICT JUDGE

4