UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        -against-<br><br>SELIM ZHERKA,<br>  a/k/a "Sam Zherka,"<br>  a/k/a "Sammy Zherka,"<br><br>                Defendant. | S3 14 Cr. 545 (CS) |

**AFFIRMATION OF FREDERICK P. HAFETZ IN SUPPORT OF SELIM ZHERKA'S PRETRIAL MOTIONS**

FREDERICK P. HAFETZ, hereby declares under penalty of perjury:

1. I am an attorney duly admitted to practice in this Court. I am a partner in the law firm of Hafetz & Necheles LLP, counsel for defendant Selim Zherka in the above-captioned case. I am familiar with the facts and circumstances of this case.

2. I submit this affirmation and the attached exhibits, and the accompanying Memoranda of Law, in support of Mr. Zherka's Pretrial Motions: (1) for a taint hearing concerning an illegal New York State wiretap of defendant and for related disclosures; (2) for an evidentiary hearing to determine whether the government obtained and made use of information obtained in violation of Mr. Zherka's attorney-client privilege; (3) for production of the affidavit in support of the search of Mark Pagani's office in 2011; (4) to preclude the government from introducing at trial evidence concerning uncharged crimes or bad acts; (5) for a bill of particulars; (6) for disclosure of *Brady* and *Giglio* material; and (7) to strike prejudicial surplusage from the indictment.

1

**MOTION FOR A TAINT HEARING AND FOR RELATED DISCLOSURES**

  3. A copy of a letter from Assistant United States Attorneys ("AUSA") Elliott B. Jacobson and Perry A. Carbone, dated December 12, 2014, is attached hereto as Exhibit A.

  4. A copy of the transcript of a December 16, 2014 hearing before the District Court is attached hereto as Exhibit B.

  5. A copy of a letter from AUSAs Jacobson and Carbone, dated January 9, 2015 is attached hereto as Exhibit C.

  6. Defendant advised persons employed by my firm that he reviewed recordings of several state wiretap intercepts from the time period of April to June 2006 (the "wiretaps") from the illegal wiretap of defendant's telephone. Based on his review, defendant advised that several of the wiretaps, including No. 03782, dated May 1, 2006, and No. 07349, dated May 22, 2006, in which participants identify themselves as "Pat," "Kevvie Kev" and "Sammy" and discuss aspects of a transaction referred to in the call as "Farmington Hills," appear to contain conversations between Mr. Zherka and Kevin Sisti and/or Pat Scarpa, related to the purchase of the Farmington Hills apartment complex. The Farmington Hills transaction, which is the subject of Count Two of the Indictment, occurred during the same time period as the illegal wiretaps—April to June, 2006.

  7. Defendant advised persons employed by my firm that he has reason to believe, based upon his review of the state wiretap recordings and his conversations with individuals who had been interviewed by the government involved in the investigation of this case, that the government questioned certain witnesses during the time period between 2010 and 2013 based on information learned from listening to the wiretaps. Specifically, Mr. Zherka refers to a wiretap recording, dated April 20, 2006, No. 02194, between Mr. Zherka and Tony Nikc relating

to the sale of the Ridgegate Apartments in Waterbury, CT (the subject of Count One of the Indictment).  In the call, Nikc and Zherka discuss the purchase of the Ridgegate Apartments.  Mr. Zherka understands from a conversation with Mr. Nikc that, in or around 2012, Mr. Nikc was interviewed by federal law enforcement agents who questioned Mr. Nikc in connection with the Ridgegate transaction and asked him about aspects of the transaction that appear to have been discussed between Mr. Zherka and Mr. Nikc in the wiretap.  Mr. Zherka believes that the government would have known to question Mr. Nikc about this aspect of the transaction only by listening to the wiretap.

8.     Defendant advised persons employed by my firm that he reviewed wiretaps of conversations between Mr. Zherka and Jimmy Rodgriguez, Gigi Zherka, and Izzy Kukaj.  Defendant understands from conversations he had with Jimmy Rodriguez, Gigi Zherka, and Izzy Kukaj that they were interviewed by the government even though they appear to have no connection to the charges in this case.

9.     Defendant advised persons employed by my firm that several of the wiretap calls, including No. 1908, dated April 18, 2006, No. 9507, dated June 2, 2006, and No. 3782, dated May 1, 2006, contain conversations between Mr. Zherka and his alleged coconspirators, Scarpa and Sisti, in which defendant and his coconspirators discuss aspects of the Farmington Hills transaction charged in Count Two of the indictment—such as the purchase price of the property—which directly relate to the government's allegation that defendant made false statements to banks about the purchase price and down payment that he was making to purchase the property.

10.    Defendant advised persons employed by my firm that he has reason to believe that the government also listened to and utilized in its investigation the wiretaps in connection

with a search warrant executed at the law offices of Bascetta, Pagani, Kearns and Small, LLC, at 1331 Silas Deane Highway, Weathersfield, CT (the "Pagani Law Office") on December 1, 2011. A description of the search is provided in a November 17, 2014 letter from AUSAs Jacobson and Carbone, a copy of which is attached hereto as Exhibit D. According to the government letter, during the search of the Pagani Law Office, the government seized hard-copy documents, forensic images of nine desktop computers and one server, four 72 gigabyte back-up tapes containing emails, and a digital voice recorder. The government used a list of five user names to determine which forensic images and emails to search using a list of over 100 search terms for the responsive documents which it turned over to defendant. Included in the search terms used by the government were "UPS" and "Uncle Pat." Defendant believes that the government learned that these terms were nicknames for Mr. Scarpa from listening to the illegal wiretaps, including No. 14009, dated June 26, 2006, and No. 6400, dated May 15, 2006, in which Mr. Scarpa refers to his nicknames, "UPS" and "Uncle Pat," respectively.

**MOTION FOR AN EVIDENTIARY HEARING TO DETERMINE WHETHER THE GOVERNMENT OBTAINED AND MADE USE OF INFORMATION OBTAINED IN VIOLATION OF MR. ZHERKA'S ATTORNEY-CLIENT PRIVILEGE**

11. As described in paragraph 10 of this affidavit and in the Zherka Affidavit, *infra* at paragraph 15, the government conducted a search of the Pagani Law Office pursuant to a search warrant in December 2011. A copy of the search warrant, dated December 2011, and an excerpt of the FBI inventory of the search listing many of the Zherka documents that were seized, are attached hereto as Exhibit E.

12. On December 12, 2014, the government provided a privilege log to defendant of materials seized from Pagani's Law Office which the government withheld from discovery on

the basis of privilege, a copy of which is attached as Exhibit F. The privilege log lists material communicated by defendant to Pagani on the basis of their attorney-client relationship.

   13. The government represented in an application for sealing proceedings related to Mr. Pagani's guilty plea in *United States v. Pagani*, No. 7:14-cr-00437-CS (S.D.N.Y.), dated June 30, 2014, a copy of which is attached hereto as Exhibit G, that Mr. Pagani began cooperating with the government in October 2012 and proffered extensively by providing information to the government concerning bank and tax fraud allegations.

   14. Mr. Pagani has provided a number of documents to the government after he began cooperating. A copy of a screen shot showing the documents that Mr. Pagani gave to the government in 2013 that were later turned over to defendant is attached hereto as Exhibit H.

**MOTION FOR DISCLOSURE OF THE AFFIDAVIT SUBMITTED IN SUPPORT OF THE 2011 SEARCH OF THE LAW OFFICES OF DEFENDANT'S ATTORNEY**

   15. An Affidavit of Selim Zherka, dated February 1, 2015, is attached hereto as Exhibit I.

**MOTION TO PRECLUDE THE GOVERNMENT FROM INTRODUCING AT TRIAL EVIDENCE CONCERNING UNCHARGED CRIMES OR BAD ACTS**

   16. A copy of Defendant Selim Zherka's Answer and Cross-Claims, dated April 26, 2011, filed in *Sisti v. Sovereign Bank, et al.*, No. 11 Civ. 0364 (D. Conn.), is attached hereto as Exhibit J.

   17. A copy of an Affidavit of James Noakes, dated March 25, 2011, in *In re TN Metro Holdings XII, LLC*, No. 11-22428 (Bankr. S.D.N.Y. 2011), is attached hereto as Exhibit K.

   18. A copy of an email between Mr. Zherka and Seth Grossman, dated April 5, 2007, is attached hereto as Exhibit L.

19. A copy of a letter from Mr. Zherka to North Fork Bank, dated October 16, 2002, is attached hereto as Exhibit M.

20. A copy of a letter from AUSAs Jacobson and Carbone, dated December 24, 2014, is attached hereto as Exhibit N.

21. A copy of a letter from Mr. Zherka to Meridian Capital Group, dated February 28, 2007, is attached hereto as Exhibit O.

**MOTION FOR A BILL OF PARTICULARS**

22. Each of the real estate transactions charged in Counts One through Five of the Indictment involve multiple payments over time toward the required down payment in the Purchase Contract for those properties.  For example, paragraph 2 of the Purchase Contract on the Farmington Hills deal, a copy of which is attached hereto as Exhibit P, provides that the total purchase price for Farmington Hills was $17,500,000, the down payment of which the buyer was to pay in three different increments: (a) $750,000 on the date of the Purchase Contract; (b) $1,000,0000 on or before thirty days after the date of the Purchase Contract; and (c) the balance of the Purchase Price at the Closing.

**MOTION FOR DISCLOSURE OF BRADY AND GIGLIO MATERIAL**

23. A copy of a letter from Frederick P. Hafetz, dated November 11, 2014, is attached hereto as Exhibit Q.

24. A copy of a letter from Frederick P. Hafetz, dated November 21, 2014, is attached hereto as Exhibit R.

**MOTION TO STRIKE AS SURPLUSAGE FROM THE SUPERSEDING INDICTMENT PURSUANT TO RULE 7(D)**

25. A copy of the Complaint, dated April 2, 1997, in *Ryan v. Sam Zherka et al.*, No. 601678/97 (Sup. Ct. N.Y. Co.), is attached hereto as Exhibit S.

26. A copy of the Jury Interrogatories, dated April 4, 2000, in the *Ryan* case is attached hereto as Exhibit T.

27. A copy of the Judgment, dated July 25, 2000, in the *Ryan* case is attached hereto as Exhibit U.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
       February 2, 2015

>                    /s/ Frederick P. Hafetz_____
>                    FREDERICK P. HAFETZ
>
>                    HAFETZ & NECHELES LLP
>                    10 East 40th St, 48th Floor
>                    New York, NY 10016
>                    Tel. (212) 997-7400
>                    Fax (212) 997-7646