# EXHIBIT D



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 17, 2014

Frederick Hafetz, Esq.
Hafetz & Necheles LLP
One Grand Central Place
60 East 42nd Street
New York, NY 10165

Re:  *United States v. Selim Zherka*, S2 14 Cr. 545 (CS)

Dear Mr. Hafetz:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery. It and the enclosed materials are being provided to you subject to the terms of the protective order entered by the Court on November 13, 2014.

### I.    Disclosure by the Government

Based on your request for discovery in this case, we have enclosed copies of documents/records as set forth below.

#### A. Miscellaneous Documents/Records

We have enclosed copies of the following materials, which are stamped with control numbers USAO-SZ-1 through USAO-SZ-89: the Indictment in this case; the defendant's criminal history record; and handwriting exemplars provided by the defendant.

We have also enclosed an external hard drive containing documentary discovery (HD1).[1]

#### B. Documents/Records Related to/from the Search of Pagani's Law Offices

On December 1, 2011, the law offices of Bascetta, Pagani, Kearns and Small, LLC, at 1331 Silas Deane Highway, Weathersfield, Connecticut were searched pursuant to a search warrant signed by a United States Magistrate Judge for the District of Connecticut. A copy of

---

[1] We have previously provided to you 25 CD-ROM discs containing documentary discovery labelled as follows: Disc A, Disc B, Disc C, Disc D, Disc E, Disc F, Discs G (1-13), Disc H, Disc I, Disc J, Disc K, Discs L (1-2).

the warrant, which is stamped with control numbers USAO-SZ-90 through USAO-SZ-91 is enclosed.

Documents seized pursuant to the search warrant above were reviewed for privilege by an "ethical wall" AUSA who removed fifty-five (55) documents as privileged. The remaining documents, *i.e.*, the documents that were seized less the privileged documents, were already produced to you and are contained on Disc A, Disc B, and Disc C. We do not intend to produce the privileged documents to you.

During the execution of the search warrant above, forensic images of nine (9) desktop computers and one (1) server were taken on site. Additionally four (4) 72GB DAT tapes and one (1) digital voice recorder were seized for further forensic analysis.[2] It was then determined which of the desktop computer/server images had user accounts on them belonging to given user names.[3] If a desktop/server image had a user account belonging to one or more of those individuals, all of the emails and documents on the image in question were searched using given search terms[4]. The emails on the tapes in email accounts for the given user names above were also searched using the same search terms above. The documents and emails culled using the above criteria were ultimately placed on nine (9) Concordance "builds" (collectively, the "Concordance Database"). The Concordance Database was then searched for privileged documents by an "ethical wall" AUSA in our office. He performed that search electronically by using search terms.[5] He reviewed the documents containing those search terms and removed thirty-three (33) documents as privileged. The Concordance Database, less the privileged documents, are being produced to you herewith on a Blu-ray Disc (BRD1). The password for

---

[2] The tapes were back-up for the exchange server and were for storage of emails. One of the four tapes was unreadable, and emails could only be extracted from two of the remaining three tapes. There were no recordings on the digital recorder.

[3] The following user names were used: Pagani, DeCaro, Caulfield, Small or Kearns.

[4] The following search terms were used: New England, Hageman, Rosewood, Stanley, 17 Eastern, Seventeen Eastern, 154 164, Marshall, ASM, Bedford, AFK, Buddy Pal, Bunker Hill, Farmington, First American, Maple Street, Maple St, New Britain, New Colony, North Country, Property Appraisal, Ridgegate, Smyth Nora, Tic Tac Toe, Agnillo, Tennessee, Belle Forest, 2191 Memorial, Lodge North, 452 Moss, Maple Hills, 543 S, 543 South, Miller Glen, Jack Miller, Parkwood, Durrett, Peachers, Pheasant Run, New Shackle, Riverside, 939 Riverside, Shannon Woods, Wallace Glen, 171 Wallace, TN Metro, Green Realty, laconia123@aol.com, samzherka@gmail.com, rsllc@aol.com, pandpllc@aol.com, ctnoemi@aol.com, metroholdingsmgmt@gmail.com, Anastasio, Baghdady, Castanho, Castro, Caufield, Caulfield, Cerini, Cibelli, Collins, Dacaro, Decaro, Dibbini, DiFiore, Djonovic, Festo, French, Glasser, Klehr, Klett, Kukaj, Lewis, Mackniak, Bradford, Matta, Morales, Murray, Nora, Nikac, Oliveri, Neil, Dominica, Puglisi, Rubin, Russo, Scarpa, Pat, Pasquale, Patrick, Scher, Sisti, Kevin, Paula, Stallone, Swerdlin, Zand, Zherka, Selim, Sam, Sammy, UPS, Uncle Pat, Zieran, Alba, Cicchetti, CR Kennedy, Creative Realty, EZ Closings, Morrison Mahoney, MultiMac, NCJA, Nubreed, Sovereign, Tri State Holdings, and Contribution.

[5] The following search terms were used: Zherka, Morales, Scarpa, Sisti, and Laconia123@aol.com.

the files on that disc is D!yW43eX%+CtfSR. We do not intend to produce the privileged documents to you.

### C. Documents/Records related to the Manhattan District Attorney's Investigation

The Government will provide documents and records that are related to a previous investigation conducted by the Manhattan District Attorney's Office with the assistance of the FBI to you in subsequent correspondence.

### D. Brady Material

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any *Brady* material regarding your client, but will provide timely disclosure if any such material comes to light.

### E. Giglio Material

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

### F. Fed. Evid. R. 404(B)

The Government hereby serves notice that it intends to offer evidence of uncharged crimes/bad acts pursuant to Federal Evidence Rule 404(b), namely:

1) The defendant and/or his agent(s) provided a false statement to North Fork Bank in connection with a loan application. Specifically, we will offer Court's Exhibit 1 (10/16/02 letter of Selim Zherka to Dymphna Giannone of North Fork Bank) of the proceedings of September 19, 2014 (detention hearing). The defendant falsely described the *Ryan v. Zherka* litigation therein. The evidence of this prior crime/bad act will consist chiefly of the pleadings, relevant transcripts, the verdict sheet, and the judgment in that case, as well as other false statements the defendant made about that case that are the subject of Count Six, including, but not limited to, Court's Exhibit 1 (2/28/07 letter of Sam Zherka to Meridian Capital Group) of the proceedings of September 19, 2014.

2) The defendant and Kevin Sisti filed a fraudulent, collusive lawsuit in the District of Connecticut (*Sisti v. Zherka, Sovereign Bank, et al.*, D. Conn. Dkt. No. 11 Civ. 364 (CSH) ). Specifically, we will show a) that the defendant asked Sisti to sue him and Sovereign Bank so that he could cross-claim against Sisti and b) that the allegation in Sisti's complaint and Zherka's cross-complaint against Sovereign were false – as Sisti and the defendant well knew. The evidence of this prior crime/bad act, will consist largely of the testimony of one or more co-conspirators, the pleadings in the case, and the response of the defendant's entities to relevant grand jury subpoenas duces tecum.

### G. Bill of Particulars

The Government will respond to your November 12 letter request for a bill of particulars in subsequent correspondence.

### II. Disclosure By the Defendant

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

### III. Sentence Reduction for Acceptance of Responsibility

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty at least 30 days prior to the date set for trial. Additionally, unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under U.S.S.G. § 3E1.1(a) of the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness.

***

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request. Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer"

or a "plea offer," as those terms are used in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

Very truly yours,

PREET BHARARA
United States Attorney

by: _____
Elliott B. Jacobson
Perry A. Carbone
Assistant United States Attorneys

Enclosures