# EXHIBIT G

Case 7:14-cr-00545-CS   Document 62-7   Filed 02/05/15   Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MARK PAGANI,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SEALED ORDER**

14 Cr. 437

WHEREAS, an application has been made by the United States of America to which the defendant consents, for the temporary: 1) closing of the courtroom in all proceedings; 2) sealing of all filings and other docket entries in the above-captioned case; and 3) the captioning of the case as United States v. John Doe in the public docket;

WHEREAS, the Court finds that the safety of the defendant and other persons may be placed at risk and active law enforcement investigations may be compromised if the application is not granted;

WHEREAS, the Court further finds that no means less restrictive than closing the courtroom to the public and sealing the proceedings herein will suffice to protect the defendant and other persons as well as the integrity of active law enforcement investigations;

IT IS HEREBY ORDERED that the courtroom shall be closed to the public during all proceedings herein, and that all transcripts of proceedings and filings herein, including this Order and the underlying application (notwithstanding that it is an application to close the courtroom), be placed under seal, and the case shall be captioned as United States v. John Doe in the public docket, until further order by this Court;

IT IS FURTHER ORDERED that no docket entries shall be made in the above-captioned matter until further Order by this Court; and

IT IS FURTHER ORDERED that counsel for the defendant and the Government may be provided a copy of the transcript of proceedings and filings in this matter without further Order of the Court; and

IT IS FINALLY ORDERED that the Government shall report to the Court on or before six months after execution of this Order regarding the continuing need, if any, to maintain these matters under seal.

SO ORDERED:

Dated: White Plains, New York
June 30, 2014

HON. LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
UNITED STATES OF AMERICA             :    SEALED AFFIRMATION
                                     :    AND APPLICATION
         - v. -                      :
                                     :    14 Cr.
MARK PAGANI,                         :
                                     :
              Defendant.             :
                                     :
------------------------------------x
```

ELLIOTT B. JACOBSON hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government moves for an order directing that, until further order of this Court: 1) the courtroom be closed to the public during all proceedings herein; 2) all transcripts of proceedings and filings herein, including this application (notwithstanding that it is an application to close the courtroom), be placed under seal; and 3) the case be captioned United States v. John Doe in the public docket. The defendant, by his attorney Andrew Bowman, Esq., consents to the entry of such an order.

2. I make this affirmation on information and belief, the sources of the information and belief being my review of documents in the case file, interviews of witnesses with personal knowledge of the events in question, and conversations with other law enforcement personnel involved in the investigation of this matter. Because I am making this application for the limited purpose of sealing the proceedings and filings herein, I have not included all of the information concerning this case about which I am aware. Where a particular individual is

1

indirectly quoted herein, he is quoted in substance and in part.

3. Since in or about 2010, the grand jury as been investigating allegations that Selim ("Sam" or "Sammy") Zherka ("ZHERKA") and others defrauded two federally insured banks of over $100,000,000 and committed related federal income tax fraud. Additionally, the grand jury is investigating allegations that ZHERKA and others have obstructed this investigation.

4. ZHERKA, the target of this investigation, is a violent individual who has brutally assaulted others in the past. The FBI believes he has had historical connections to Albanian organized crime, a group whose actions are characterized by extreme violence. As shown below, ZHERKA and his brother Ali have been involved in a number of acts of violence.

5. In 1995, a man named Robert Ryan sold his interest in a night club in New York City to ZHERKA. ZHERKA never paid the complete sum he owed Ryan under the contract. On April 12, 1996, Ryan went to the club to discuss a business arrangement that would allow new owners to take it over and pay him the balance of what he was owed. Shortly after his arrival at the club, Ryan was brutally assaulted by ZHERKA and ZHERKA's brother Ali in the club's basement offices. A New York County jury found that ZHERKA had committed this assault and awarded damages to Ryan. To date, ZHERKA has never paid that judgment.

6. According to a confidential informant who was an associate of ZHERKA, ZHERKA related the following information to him:

a) Early one morning sometime during the 1990's, ZHERKA was called to Vertigo – one of his nightclubs – by a porter who was cleaning up the premises and who told ZHERKA there was something he wished him to see in the club's basement. Upon his arrival at the club, ZHERKA found a dead body duct-taped to a chair in the basement there. ZHERKA called his brother Ali who told him that he had roughed someone up, and ZHERKA then had Ali

2

remove the body from the club.

b) In or around 1999, ZHERKA was contacted by "Fat Sammy," a/k/a "Egyptian Sammy," the manager of the VIP Club, another one of ZHERKA's establishments. Fat Sammy informed ZHERKA that members of an Italian organized crime family were at the club to "shake them down." ZHERKA instructed Fat Sammy to tell the individuals in question that they should return at a time when ZHERKA would be at the club. ZHERKA then went to the club with several associates and confronted the individuals who were supposedly involved in the shakedown. ZHERKA told them that he was willing to die for his money and asked them if they were willing to die for his (ZHERKA's) money. ZHERKA and his associates then stripped the men of their clothes and assaulted them.

c) In or around 2005/2006, one of ZHERKA's daughters was dating an African-American man. On one occasion, the daughter brought the man to ZHERKA's office in order to introduce him to ZHERKA. When the daughter stepped out of the office, ZHERKA pulled out a shotgun and told the man to stay away from his daughter or he would "blow his fucking head off."

7. Additionally, ZHERKA's brother Ali was convicted in this district in 2008 on Hobbs Act robbery charges and sentenced to 51 months' imprisonment.

8. Finally, ZHERKA has been obstructing the investigation by offering to pay off a witness to change his testimony and by endeavoring to have other witnesses sign false statements concerning the allegations under investigation by the grand jury.

9. Mark Pagani, a business associate of ZHERKA, has been cooperating with the Government since in or about October of 2012. He has proffered extensively, providing information to the Government concerning the bank and tax fraud allegations under investigation.

3

Pagani has executed a cooperation agreement and is prepared to plead guilty and thereafter testify against ZHERKA should ZHERKA be indicted.

10. If ZHERKA and/or his associates were to learn of Pagani's guilty plea and cooperation, the defendant and his family would be put at risk. Additionally, ZHERKA might take further steps to obstruct this investigation by tampering with Pagani in an effort to change his expected testimony. Finally, ZHERKA, who was born in Albania and is believed to have substantial assets abroad, might flee the United States to Albania or elsewhere. Accordingly, there are great risks to the defendant and his family, as well as to this investigation, should his guilty plea and cooperation become a matter of public record.

11. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including Grand Jury investigations. *See United States v. Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket can be sealed. *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under the pseudonym "John Doe," and sealing all filings in the case, is equivalent to

4

making a sealed entry in the docket sheet.

12. As set forth above, compelling security and law enforcement interests support an order directing that proceedings, filings and other docket entries in this case be made under seal. The investigative target who is a subject of the defendant's cooperation is an extremely dangerous individual responsible for acts of violence. He presents both a risk of flight and a clear and present danger to the defendant and others should his cooperation become known to them. An order sealing proceedings, filings, and other docket entries in the above-captioned case would greatly reduce the risk that the defendant's ongoing cooperation with the Government will be exposed. And, in these circumstances, no means less restrictive than closing the courtroom to the public and sealing the proceedings herein will suffice to protect the defendant and other persons as well as the integrity of active law enforcement investigations.

13. The defendant's cooperation (and the charges against him), however, will not be kept sealed indefinitely. The Government anticipates that, once his cooperation leads to the arrest and prosecution of the target of this investigation, the filings in this case may be unsealed, and the docket sheet could reflect the true caption of this case. At that time, the Government will move this Court for an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

14. Accordingly, the Government moves for the order requested above and in the form hereto annexed.

Dated: White Plains, New York
       June 30, 2014

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
    Elliott B. Jacobson
    Assistant United States Attorney

6