# EXHIBIT K

| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP | Hearing: April 20, 2011 @ 10:00 a.m. |
| 156 West 56th Street | |
| New York, New York 10019 | |
| Telephone (212) 237-1000 | |
| Attorneys Appearing: Leslie S. Barr (lbarr@windelsmarx.com) | |
| Robert G. Wilk (rwilk@windelsmarx.com) | |
| *Attorneys for Fannie Mae* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

TN METRO HOLDINGS XII, LLC

                    Debtor.
---------------------------------------------------------x

Chapter 11

Case No. 11-22428 (RDD)

**AFFIDAVIT OF JAMES NOAKES
IN SUPPORT OF MOTION OF FANNIE MAE FOR AN ORDER
(A) GRANTING FANNIE MAE RELIEF FROM THE AUTOMATIC STAY TO
COMPLETE ITS FORECLOSURE ACTION, OR IN THE ALTERNATIVE
(B) GRANTING ADEQUATE PROTECTION TO FANNIE MAE, AND
(C) TRANSFERRING THE CASE TO THE MIDDLE DISTRICT OF TENNESSE**

STATE OF TEXAS            )
                          ) ss:
COUNTY OF DALLAS          )

James Noakes, being duly sworn, deposes and says:

1.      I am a Senior Asset Manager of Fannie Mae, a creditor in the above-captioned matter.  As such, I am responsible for the loan account of TN Metro Holdings XII LLC ("TN Metro" or "Debtor").  Based on my review of Fannie Mae's files, on my own personal knowledge and upon information provided to me by Sovereign Bank as Servicer, I make this affidavit in support of Fannie Mae's motion (the "Motion").

{10632022:2}

**The Loan Documents**

2. On or about April 25, 2007, TN Metro, by and through its duly authorized Managing Member, Selim Zherka, executed and delivered to Sovereign Bank ("Sovereign") a promissory Multifamily Note (the "Note") in the principal sum of $8,616,000.00. A copy of the Note is annexed as Exhibit A and is incorporated by reference. Pursuant to the provisions of the Note, the Debtor is required to make monthly "interest only" payments through May 1, 2009 (see Exhibit A at para 1) and monthly principal and interest payments on the first day of each month thereafter in the sum of forty-nine thousand five hundred sixteen and 99/100 ($49,516.99) dollars (see Exhibit A at para 3(c)(2)).

3. To secure its performance obligations under the Note, TN Metro, by and through its duly authorized Managing Member, executed and delivered to William L. Rosenberg as Trustee for Sovereign, a Multifamily Deed of Trust, Assignment of Rents and Security Agreement (the "Security Instrument") on certain real property located at 231 New Shackle Island Road, Hendersonville, Sumner County, Tennessee and more particularly described in the Security Instrument (the "Property"). A copy of the Security Instrument is annexed as Exhibit B and is incorporated by reference.

4. The Security Instrument was recorded on April 30, 2007 in the Sumner County Recorder's office in Record Book 2744, Page 115.

5. The Property is improved by a residential garden apartment community, consisting of 168 rental units.

11-22428-rdd Doc 105-5 Filed 06/25/11 Entered 06/25/11 13:31:06 Page 4 of 9
Case 7:12-cv-05545-CS Document 62 Filed 03/25/15 Page 4 of 9 Affidavit of
James Noakes    Pg 3 of 8

6.   On April 25, 2007, the Note was endorsed to the order of Fannie Mae by way of an Allonge to the Note (the "Allonge"). A copy of the Allonge is annexed as Exhibit C and is incorporated by reference.

7.   In addition, on April 25, 2007, Sovereign assigned the Security Instrument to Fannie Mae pursuant to the Assignment of Security Instrument recorded on February 18, 2011 in the Sumner County Recorder's office. A copy of the Assignment is annexed as Exhibit D and incorporated by reference.

8.   Fannie Mae is now the owner and holder of the Note, Security Instrument, Allonge, Assignment and all other loan documents executed in connection with or pursuant to the loan described herein, and all interests therein and evidenced thereby (the "Loan Documents").

**TN Metro Defaults**

9.   TN Metro, prior to its filing of the bankruptcy petition, defaulted in its monthly payment obligations under the Note and Security Instrument.

10.   Through counsel in Tennessee, Fannie Mae gave TN Metro notice of its defaults pursuant to the Loan Documents by letter dated February 25, 2011 ("Default Letter"). The letter also accelerated the outstanding balance and demanded immediate payment of all amounts due and owing to Fannie Mae. A copy of the Default Letter is annexed as Exhibit E and is incorporated by reference.

**State Court Action**

11.   Fannie Mae took steps to foreclose the Security Instrument. As controlling state law permits "non-judicial" foreclosures, a foreclosure sale was scheduled to occur on April 8, 2011 (the "Foreclosure Sale") by FBT of Tennessee, Inc.

{10632022:2}    3

as Substitute Trustee, and notice of the Foreclosure Sale was served (the "Notice"). A copy of the Notice is annexed as Exhibit F and is incorporated by reference. Additionally, on March 2, 2011 in the Chancery Court of the State of Tennessee, County of Sumner, an action was commenced seeking a money judgment for the balance due and for the appointment of a Receiver (the "Foreclosure Action"). A copy of the Foreclosure Action Complaint, without exhibits, is annexed as Exhibit G and is incorporated by reference.

12. As is alleged in the Complaint, TN Metro is obligated to Fannie Mae for the unpaid principal balance of $8,473,996.73, plus interest, advances, costs and all other sums due and owing under the Note and Security Instrument (see Exhibit G at para. 11).

13. Fannie Mae applied to the State Court in the Foreclosure Action for the appointment of a receiver to take possession of the Property and to collect the Rents to ensure that the rental income is properly collected and disbursed, and that the Property is properly protected. On March 7, 2011, the State Court entered an Order granting this relief (the "Receiver Order"). A copy of the Receiver Order is annexed as Exhibit H and is incorporated by reference. Pursuant to the Receiver Order, Charlie Biter of Continental Property Management LLC, Nashville, Tennessee, was appointed as Receiver (the "Receiver").

14. The Receiver obtained a Rent Roll dated as of March 8, 2011 (the "Rent Roll"). A copy of the Rent Roll is annexed as Exhibit I.

15. The Receiver collected rent from several tenants. A copy of money orders and check are annexed as Exhibit J.

{10632022:2} 4

**Bankruptcy Filing**

16. On March 9, 2011, TN Metro filed with this Court its voluntary petition for chapter 11 relief. This filing stayed Fannie Mae's Foreclosure Sale and the Foreclosure Action and restored the Debtor to possession and control of the Property in place of the Receiver.

17. It appears from the Debtor's petition that the Property is the only asset of the Debtor and that Fannie Mae is the only secured creditor (see copy of Petition filed at Docket entry no. 1).

18. Fannie Mae filed a notice of appearance in this case, and Fannie Mae's attorneys sent a letter dated March 11, 2011 to the Debtor's attorney notifying that Fannie Mae does not consent to the Debtor's use of Fannie Mae's cash collateral and demanding an accounting for any rents that it may collect. A copy of Fannie Mae's Notice of Appearance is filed at Docket entry no. 4 and a copy of the Letter is annexed as Exhibit K and is incorporated by reference.

**Relief From Stay Should Be Granted**

19. Upon information and belief, the collateral is not of sufficient value to satisfy the claim of Fannie Mae. Fannie Mae obtained a Commercial Broker's Price Opinion of Value, which reflects that as of February 16, 2011, the "as is" value of the Property is approximately $4,090,000.00. A copy of that report is annexed as Exhibit L and is incorporated by reference.

20. Accordingly, the Property is worth less than half of the amount of the $8,473,996.73 unpaid principal balance of the Note owed to Fannie Mae (see Complaint annexed as Exhibit G at para. 11). This does not include other sums owed by the Debtor

to Fannie Mae pursuant to the Note and Mortgage for interest, costs and fees (see Exhibit A and Exhibit B).

21. Moreover, upon information and belief, the Debtor has not obtained insurance sufficient to protect the Property from damage or loss and the Debtor has not provided any evidence that insurance is in place protecting Fannie Mae's interest in the Property. According to Sovereign Bank, the last evidence of insurance provided to the servicer states that coverage expired on March 1, 2011. A copy of the expired ACORD 27 Form is annexed as Exhibit M and is incorporated by reference.

22. The real property taxes on the Property appear to be unpaid, which have and will become liens on the Property that prime the lien of Fannie Mae's Security Instrument. To date, real estate tax liens aggregating over $70,000.00 is due for taxes on the Property that were due in 2010, as follows: (a) 2010 Sumner County taxes in the amount of $54,984.57, and (b) 2010 Hendersonville City taxes in the amount of $17,425.00. A copy of the page from the Title Commitment is annexed as Exhibit N (see #20) and is incorporated by reference. There has been no indication from the Debtor setting forth how the delinquent $70,000.00 in real property taxes will be paid.

23. Fannie Mae has not received adequate protection from TN Metro in the form of payment or otherwise.

24. In addition, Fannie Mae's interest in the Rents is not adequately protected. Although the Debtor may not use cash collateral without Fannie Mae's consent or a court order, it has obtained neither. Although the Debtor filed a proposed Order to Show Cause seeking the Court to hear its application for an Order authorizing the interim use of cash collateral, the dollar amounts set forth for income and expenses in support of the

Debtor's proposed motion are subject to Fannie Mae's review. Fannie Mae reserves its right to be heard and to object to the relief sought by the Debtor, after the Order to Show Cause is issued, at the Hearing thereof. It is noteworthy that, even utilizing the Debtor's calculations for income and expenses, which are subject to review and verification, the Debtor only provides for payment of Mortgage Interest to Fannie Mae in the amount of $29,985.00 (see copy of projected income statement/cash flow annexed as Exhibit B to Debtor's proposed motion at <u>Docket no. 12</u>). That sum is $20,000.00 less than the $49,516.99 monthly payment due and owing pursuant to the Note (see <u>Exhibit A</u> at para 3(c)(2)).

25. To the extent there is any net operating income, it is not being paid to Fannie Mae as adequate protection payments.

**Conclusion**

26. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Fannie Mae respectfully requests that the Court grant its Motion and grant Fannie Mae such other and further relief as is just.

/s/ James Noakes<br>
James Noakes

STATE OF TEXAS           )
                         ) ss.:
COUNTY OF DALLAS         )

On the 25th day of March, in the year 2011, before me, the undersigned, personally appeared James Noakes, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                          /s/ Leslie D. Ruby_____
                                                Notary Public