MANDATE

N.Y.S.D. Case #
14-cr-0545-2(CS)

14-4033
United States v. Zherka

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                  _Circuit Judges_.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 27, 2015

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                    14-4033

Selim Zherka,
         Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     FREDERICK P. HAFETZ, with Brian
                   L. Doppelt and Kathleen E.
                   Cassidy, on the brief, Hafetz &

---

*   The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

1

|   |   |   |
|---|---|---|
|   |   | Necheles LLP, New York, New York. |
|   | **FOR APPELLEE:** | ELLIOT B. JACOBSON, with Michael A. Levy, on the brief, Assistant United States Attorneys (for Preet Bharara, United States Attorney for the Southern District of New York), New York, New York. |

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Defendant Selim Zherka appeals from an order of the United States District Court for the Southern District of New York (Seibel, J.), granting the government's motion for detention pending trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Bail Reform Act of 1984 requires pre-trial release on a personal recognizance bond "unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). A serious risk of obstruction of justice may qualify as such a danger to the community. See United States v. LaFontaine, 210 F.3d 125, 134-35 (2d Cir. 2000).

If the district court determines that release on the defendant's personal recognizance creates a risk of flight or a danger to the community, "the law still favors pre-trial release," United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007), but "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B).

Only if the district court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" shall the court "order the

detention of the person before trial."  18 U.S.C. § 3142(e).
"Under this statutory scheme, 'it is only a limited group of
offenders who should be denied bail pending trial.'"
Sabhnani, 493 F.3d at 75 (quoting United States v. Shakur,
817 F.2d 189, 195 (2d Cir. 1987)) (internal quotation marks
omitted).[1]

    Assuming the district court applied the correct legal
standard, we review an order of detention only for clear
error.  United States v. Abuhamra, 389 F.3d 309, 317 (2d
Cir. 2004).  "This clear error standard applies not only to
the court's specific predicate factual findings but also to
its overall assessment, based on those predicate facts, as
to the risk of flight or danger presented by defendant's
release."  Id.

    The district court's order of detention pending trial,
although interlocutory, "qualifies as a final order that may
be directly appealed to this court."  Abuhamra, 389 F.3d at
317; see also 18 U.S.C. § 3145(c).

    After a lengthy detention hearing, the district court
made the following factual findings: (1) Zherka is a flight
risk by reason of his incentive to flee, foreign-born
relatives, foreign assets, and prior statements about moving
to Europe; (2) Zherka is a danger to the community by reason
of prior instances of violence (and more recent boasts about
that violence), as well as a history of obstruction of
justice; and (3) no condition (or combination of conditions)
could be imposed, short of detention, that would reasonably
assure Zherka's presence at trial or the safety of the
community.

    The district court applied the correct legal standard
and, on this record, we cannot say that any of the district
court's factual findings--about risk of flight,
dangerousness, or less restrictive conditions--were clearly
erroneous.  So we must affirm the order of detention.

---

[1] "Certain crimes trigger a statutory presumption that no condition or combination of conditions will reasonably assure a defendant's appearance before the court or the safety of the community." Sabhnani, 493 F.3d at 75 n.14 (citing 18 U.S.C. § 3142(e)).  None of these crimes is at issue here.

3

For the foregoing reasons, and finding no merit in Zherka's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit