UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        -against-<br><br>SELIM ZHERKA,<br>  a/k/a "Sam Zherka,"<br>  a/k/a "Sammy Zherka,"<br><br>        Defendant. | S3 14 Cr. 545 (CS) |

## DEFENDANT SELIM ZHERKA'S RESPONSE TO GOVERNMENT'S SURREPLY LETTER DATED APRIL 1, 2015

                                          Frederick P. Hafetz
                                          fhafetz@hafetznecheles.com
                                          Brian L. Doppelt
                                          bdoppelt@hafetznecheles.com
                                          HAFETZ & NECHELES LLP
                                          10 East 40th St, 48th Floor
                                          New York, NY 10016
                                          Tel. (212) 997-7400
                                          Fax (212) 997-7646

                                          Michael Martinez
                                          Michael.martinez@mayerbrown.com
                                          Mayer Brown LLP
                                          1221 Avenue of the Americas
                                          New York, NY 10020
                                          Tel. (212) 506-2514
                                          Fax. (212) 262-1910

                                          *Attorneys for Defendant Selim Zherka*

April 7, 2015

715816125

We hereby respectfully request permission to file this short response to the Government's Surreply Letter dated April 1, 2015.

\* \* \*

The Government's most recent surreply ignores what this Court cannot: the Second Circuit has addressed and found—in circumstances like these—that an evidentiary hearing is required "to determine whether the government's case was in any respect derived from a violation of the attorney-client privilege." *United States v. Schwimmer*, 892 F.2d 237, 245 (2d Cir. 1989). The Government instead chooses to impose a burden on the defendant that does not exist and that would be impossible to meet in practice by presenting a host of cases that are neither relevant nor binding on this Court.

Even worse, the Government wants the defendant to bear the brunt of its meager measures for protecting the attorney-client privilege during its proffer sessions with the defendant's lawyer, Mark Pagani. (Such measures were limited to informing the defendant's lawyer, who was represented by counsel, that it did not wish to elicit privileged communications and would attempt to avoid asking questions that would do so.) The Government does not relent, even when it becomes apparent—by the Government's very own admission—that it was unaware of Pagani's role as the defendant's tax attorney during 2008, an admission that is all the more remarkable given that the defendant is charged with failing to file an individual federal tax return during that period. *See* Indictment, Count 29. In light of the Government's demonstrated lack of knowledge about the nature and extent of the cooperator's legal representation of the defendant, this Court can have no confidence that the cooperator did not reveal, and that the Government did not use, attorney-client protected communications during the investigation of the defendant. Accordingly, an evidentiary hearing under *Schwimmer* is warranted.


Dated:   April 7, 2015
         New York, New York

By:

/s Frederick P. Hafetz
Frederick P. Hafetz
fhafetz@hafetznecheles.com
Brian Doppelt
bdoppelt@hafetznecheles.com
HAFETZ & NECHELES LLP
10 East 40th St., 48th Floor
New York, NY 10016
(t) (212) 997-7595
(f) (212) 997-7646

/s Michael Martinez
Michael Martinez
Michael.martinez@mayerbrown.com
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Tel. (212) 506-2514
Fax. (212) 262-1910

*Attorneys for Defendant Selim Zherka*