UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

SELIM ZHERKA,
  a/k/a "Sam Zherka,"
  a/k/a "Sammy Zherka,"

                  Defendant.

S4 14 Cr. 545 (CS)

# DEFENDANT SELIM ZHERKA'S MOTION TO DISMISS THE DOWNPAYMENT PRONG OF COUNTS ONE THROUGH SIX AND COUNT TWENTY-NINE OF THE INDICTMENT

Frederick P. Hafetz
fhafetz@hafetznecheles.com
Brian L. Doppelt
bdoppelt@hafetznecheles.com
HAFETZ & NECHELES LLP
10 East 40th St, 48th Floor
New York, NY 10016
Tel. (212) 997-7400
Fax (212) 997-7646

Michael Martinez
Michael.martinez@mayerbrown.com
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Tel. (212) 506-2514
Fax. (212) 262-1910

*Attorneys for Defendant Selim Zherka*

May 18, 2015

**INTRODUCTION**

Defendant submits this memorandum in support of his motion to strike the prong of the false statement charges in counts 1-6 of the indictment alleging that defendant:

> "grossly exaggerated the amount of the down payment he was making towards the purchase price"

of the properties specified in those counts (paragraph 4 of count one and paragraph 5 of count 6). Defendant moves to dismiss this allegation on the grounds that it fails to state a legally sufficient theory for two reasons. First, based on the government's amplification of the allegation at the April 20 court argument on defendant's pre-trial motions, the government stated that this allegation was based upon checks presented to the bank by defendant. Under *Williams v. United States*, 458 U.S. 279 (1982), a check is not a statement under Section 1014.[1] Second, the allegation charges a promise to make a payment. This does not constitute a "false statement" under Section 1014.

Defendant further submits this memorandum in support of his motion to dismiss count 29 of the indictment on statute of limitations grounds.

---

[1] In determining a pre-trial motion to dismiss the indictment or portions of it on the grounds of a legally insufficient theory, the court may consider any submissions by the government amplifying the allegations in the indictment. *United States v. Von Barta*, 635 F.2d 999 (2d Cir. 1980), *overruled on other grounds*, *McNally v. United States*, 483 U.S. 350, 363 n.3 (1987).

## ARGUMENT

### I. THE DOWNPAYMENT PRONG OF COUNTS ONE THROUGH SIX SHOULD BE DISMISSED

#### A. The Motion to Dismiss is Timely

At the December 16, 2014 court conference, the Court, upon argument by the parties, set February 2, 2015 for the filing of defendant's pre-trial motions and March 27 for the filing of *in limine* motions. At that conference the Court, at defendant's request, set June 1, 2015 as the trial date.

Subsequently at a court conference on March 6, upon defendant's request for an adjournment of the trial date, the Court set a new trial date of October 1. Although the new trial date was now four months later than the originally scheduled June 1 trial date, February 2 remained as the filing date for pre-trial motions. At the conference on April 20, the Court heard oral argument on the pre-trial motions, ruling at that time on some of the motions and reserving decision until trial on the remainder of the motions. At oral argument on April 20 on defendant's motion for a bill of particulars concerning the allegation of false statement about downpayment in counts one through six, as discussed below the Court articulated a legally insufficient basis for Section 1014 conviction on the downpayment allegation and the government in amplifying its theory on the downpayment allegations made clear that it is proceeding on a legally insufficient basis for conviction. (4/20 Tr. at pp. 99-108).

On the bases of the colloquy concerning the downpayment allegation at the April 20 argument, the fact that trial is not until four and one-half months from now, that the motion affects the substantive right of defendant to be tried on legally sufficient allegations and that there is no prejudice to the government by filing the instant motion at this time, we respectfully

submit that there is good cause under Fed. R. Crim. Proc. 12(c)(3) for filing the motion at this time.

> B. **The Government Theory on Downpayment Is Legally Insufficient Because A Check Is Not A Statement Under Section 1014**

We note preliminarily that where a count of an indictment alleges multiple bases for conviction, the court can dismiss one of the alternate bases for conviction on the grounds that it is legally insufficient. The Second Circuit decision in *United States v. Pirro*, 212 F.3d 86 (2d Cir. 2000) clearly held that the trial court could dismiss a portion of a count of the indictment. The Second Circuit stated there:

> As a threshold issue we must consider whether we have jurisdiction over the appeal of an order dismissing a portion of a count. In Sanabria v. United States, 437 U.S. 54, 69 n. 23, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), the Supreme Court stated that there is no statutory barrier to such an appeal. Statutory authority permits a government appeal from an order of a district court dismissing any one or more counts of an indictment. See 18 U.S.C. § 3731 (1994). In United States v. Tom, 787 F.2d 65, 71 (2d Cir. 1986), we pointed out that our circuit interprets this authority to allow an appeal of a dismissal of an allegation that could have provided a discrete basis for a conviction. We reviewed dismissals of portions of counts in United States v. Margiotta, 646 F.2d 729 (2d Cir. 1981), and United States v. Alberti, 568 F.2d 617 (2d Cir. 1977).

*Id*. at 88-89.

Although the focus of *Pirro* was on whether dismissal of a portion of a count was appealable, the Second Circuit opinion obviously pre-supposes that the district court had the authority to dismiss a portion of a count. Since *Pirro* affirmed a pre-trial order dismissing a portion of a count, the Second Circuit did not view it premature to grant a defendant's pre-trial motion of a count. And, as noted in footnote 5 to *Pirro*, quote above, other Circuit Courts of Appeals concur with this ruling by *Pirro*.

Further, we note that the Second Circuit held in *United States v. Von Barta*, 635 F.2d 999 (2d Cir. 1980), *overruled on other grounds*, *McNally v. United States*, 483 U.S. 350, 363 n.3

3

(1987), that in reviewing the legal sufficiency of an indictment, the allegations of the indictment may be amplified by government submissions.  Here, at the April 20 argument on defendant's motion for a bill of particulars, in response to inquiry from the Court, the government amplified the downpayment allegation in the indictment. Answering the Court's question about the government's evidence and theory on the downpayment allegations, the government stated:

> "…they were show checks coupled together to be able to show the bank that they had paid, Mr. Zherka and the co-conspirators had paid the difference between the purchase price of the contract and the loan amount. For the most part those checks were either never negotiated or just went back to their source. So they weren't really down payments at all."

(4/20 Tr. at pp. 99-100).

At the April 20 argument the government, amplifying the Section 1014 charge regarding downpayment, set forth a legally insufficient theory. The government alleges that checks presented to the bank by defendant constituted false statements under Section 1014. The Supreme Court in *Williams v. United States*, 458 U.S. 279, 285 (1982), held that checks do not constitute statements under Section 1014: "a check is not a factual assertion at all and, therefore, cannot be characterized a "'true or 'false.'"

Based on the government's amplification of the indictment, the downpayment prong of the false statement charges in counts one through six is legally insufficient and therefore should be dismissed.

### C.     The Downpayment Allegation in the Indictment is Legally Insufficient

As noted above, the downpayment prong of the false statement charged in counts one through six alleges that defendant:

> "exaggerated the amount of down payment he <u>was making</u> towards the purchase price."

(Ind. at ¶¶ 4, 8 (emphasis added)).

4

On its face the downpayment charges allege a promise of payment by defendant as a basis for a Section 1014 conviction. This is not a legally sufficient basis for conviction because a promise to make a payment in the future is not a "statement" under Section 1014.

In *United States v. Rothhammer*, 64 F.3d 554, 557 (10th Cir. 1995), the Tenth Circuit held that "a promise to pay in a promissory note is not a factual assertion," and therefore is not a legally sufficient basis for a Section 1014 conviction. The court there rejected the government's argument that a promise was a false statement under Section 1014 because the defendant had no intent to pay.

In essence the indictment here alleges deception as a basis for a Section 1014 conviction. That is, the downpayment allegation does not charge that defendant falsely stated that he had made a downpayment when in fact he had not made a downpayment. Rather, the indictment alleges that the false statement consisted of defendant falsely representing a future intent to make a downpayment – i.e., a "down payment he was making." This is an allegation of fraudulent representation of what will happen in the future which while legally sufficient under other statutes, including the general false statements statute found at 18 U.S.C. § 1001, is not legally sufficient under Section 1014.

The Sixth Circuit made the distinction crystal clear in *United States v. Kurlemann*, 736 F.3d 439, 445-46 (6th Cir. 2013):

> "…Omissions are failures to speak. See *Black's Law Dictionary* 1197 (9th ed.2009). Half-truths, in which the speaker makes truthful assertions but conceals unfavorable facts, amount to one type of omissions. Concealment, in which the speaker says nothing at all but has a duty to speak, amount to another. No doubt, both types of omissions hold the potential to mislead and deceive. But § 1014 covers 'false statements.' It does not cover misleading statements, false pretenses, schemes, trickery, fraud or other types of deception.
>
> Nor is this dichotomy between 'false statements' and unspoken forms of deception a figment. As a walk through Title 18 and other titles of the United

5

States Code reveals, Congress has long honored the distinction in criminalizing many types of conduct. Other criminal statutes apply to anyone who 'falsifies, conceals, or covers up by any trick, scheme, or device a material fact,' 18 U.S.C. §§ 1001, 1035, or to anyone who makes 'any false statement or representation of fact…or knowingly conceals, covers up, or fails to disclose any fact,' 18 U.S.C. § 10127. Why create 'conceal[ment]' offenses if 'falsif[ying]' or making 'any false statement' already covers the concept?

Still other criminal statutes distinguish between 'false' pretenses and 'fraudulent' ones. Take the mail-fraud statute. It prohibits anyone from using the postal service or interstate commerce in furtherance of 'any scheme or artifice to defraud…by means of false or fraudulent pretenses, representations or promises,' 18 U.S.C. § 1342; *see also id.* § 2314 (same). 'False' and 'fraudulent' representations do not cover the same thing. Fraud has long been understood to include a broader range of deceptive conduct. 'The gist of the action,' in the Supreme Court's words, 'is fraudulently producing a false impression upon the mind of the other party; and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff."

At the oral argument on April 20, the Court appeared to embrace fraudulent representation as a basis for a Section 1014 conviction. The Court stated during the colloquy on defendant's request for a bill of particulars on the downpayment allegations:

"…I gather from their presentations that they plan to show, that there was an agreement before the statements were made that everybody was on board with that we're going to tell the bank the down payment is three million but, wink wink, we know there is no down payment and we're borrowing essentially close to a hundred percent. I agree. If there was a legitimate intent to pay a three million dollar down payment and then after the false representation was made all that we have is a failure to follow through, they'd have a hard time showing intent to deceive the bank. But it seems to me, what they're saying the bank was deceived about the total amount of the down payment. So I'm going to direct them to say what the total amount of the down payment was represented to be and that's what they're going to prove was false. How they're going to prove it, by proving 1 and 2 weren't made, or were made with phony checks, and that was pursuant to an agreement that they all had amongst each other, or if they are going to prove it some other way, I don't know."

(4/20 Tr. at pp. 105-106).

The theory articulated by the Court here construes the indictment as allowing a Section 1014 conviction on the basis of a fraudulent representation. This is precisely the theory rejected

6

by the Sixth Circuit in *Kurlemann* as a legally sufficient basis for a Section 1014 conviction.  As stated in *Kurlemann*, "'false' and 'fraudulent' representations do not cover the same thing." *Id.* at 446.  The downpayment prong of counts one through six should be dismissed as legally insufficient.

**II.     COUNT TWENTY-NINE SHOULD BE DISMISSED ON STATUTE OF LIMITATIONS GROUNDS**

Count twenty-nine charges that from April 2000 through the date of the indictment defendant "corruptly obstructed and impeded and endeavored to obstruct and impede the due administration of the Internal Revenue Service Laws" in violation of 26 U.S.C. § 7212(a).

The six-year statute of limitations under 26 U.S.C. § 6531 applies to Section 7512(a). *United States v. Ohle*, 678 F. Supp. 2d 215 (S.D.N.Y. 2010).  The indictment here alleges violations of Section 7212(a) commencing in 2000.  The indictment here was filed on September 16, 2014.  The statute of limitations for this offense had already expired by September 16, 2008. Count 29 includes charges for a violation of a statute for an eight-year period that is barred by the statue of limitations.  Accordingly, this count should be dismissed.

## **CONCLUSION**

For the reasons set forth above, defendant respectfully requests that the Court dismiss (a) the downpayment prong of counts one through six, and (b) count 29 of the indictment.

Dated:        May 18, 2015
                New York, New York

                                            HAFETZ & NECHELES LLP

                                            _/S/_____
                                            Frederick P. Hafetz
                                            fhafetz@hafetznecheles.com
                                            Brian L. Doppelt
                                            bdoppelt@hafetznecheles.com
                                            HAFETZ & NECHELES LLP
                                            10 East 40th St., 48th Floor
                                            New York, NY 10016
                                            (t) (212) 997-7595
                                            (f) (212) 997-7646

                                            Michael Martinez
                                            Michael.martinez@mayerbrown.com
                                            Mayer Brown LLP
                                            1221 Avenue of the Americas
                                            New York, NY 10020
                                            Tel. (212) 506-2514
                                            Fax. (212) 262-1910

                                            *Attorneys for Defendant Selim Zherka*