UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

   -v-                                       :
                                                           S3 14 Cr. 545 (CS)
SELIM ZHERKA, a/k/a "Sam Zherka,"   :
    a/k/a "Sammy Zherka,"
                                           :
              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MOTION TO QUASH RULE 17(C) SUBPOENAS SERVED ON COOPERATING WITNESSES

The Government respectfully submits this motion to squash the Rule 17(c) subpoenas dated May 19, 2015 and served upon Mark Pagani, Pat Scarpa, and Genaro Morales (all of whom are cooperating witnesses in this matter). Copies of the subpoenas are attached hereto as Exhibit A. The subpoenas should be quashed because they: 1) are overly broad; 2) seek materials that are not evidentiary in nature, and 3) amount to an impermissible "fishing expedition."

1. **The Government has standing to move to quash the supboenas.**

As a threshold matter, the Government has standing to move to quash the subpoenas. The subpoenas affect legitimate interests of the Government because they are directed at cooperating witnesses, and the prevention of undue harassment of its witnesses is a proper purpose for a third-party seeking to quash a subpoena. *See United States v. Nektalov*, 2004 WL 1574721 (S.D.N.Y.) at *1; *United States v. Giampa*, 1992 WL 296440 (S.D.N.Y.) at *2-4; *see also United States v. Nachmamie*, 91 F.Supp.2d 552, 560 (S.D.N.Y. 2000) (finding that Government lacked standing in part because "none of the [people and entities] subpoenaed here

1

have been publicly identified by the government as trial witnesses"). Beyond that, all three recipients of the subpoenas have joined in this motion to quash, which also supports a finding that the Government has standing. *See, e.g., Giampa*, 1992 WL 296440 at *1; *United States v. Jasper*, 2003 WL 1107526 (S.D.N.Y.) at *1; *United States v. Chen De Yian*, 1995 WL 614563 (S.D.N.Y.) at *2; *United States v. Cherry*, 876 F.Supp. 547 (S.D.N.Y. 1995).

   2. **The subpoenas are overbroad.**
      a. **Governing Authority**

The standards governing Rule 17(c) subpoenas are well-settled. A Rule 17(c) subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 699–700 (1974). The moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*Id.* Generally, material that would only be used for impeachment is insufficient to meet the Rule 17(c) requirements. *See Nixon*, 418 U.S. at 701; *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981); *United States v. Nelson*, 2011 WL 2207584 (S.D.N.Y.) at *4; *United States v. Treacy*, 2008 WL 5082884 (S.D.N.Y.) at *2; *United States v. Ferguson*, 2007 WL 2815068 (D.Conn.) at *2-3; *Nektalov*, 2004 WL 1574721 at *2; *Jasper*, 2003 WL 1107526; *United States v. Weissman*, 2002 WL 31875410 (S.D.N.Y) at *1; *Cherry*, 876 F.Supp. at 553. Under Rule 17(c)(2), courts may quash subpoenas that are "unreasonable or oppressive" or where it is clear that the party seeking production has not met its burden of demonstrating that the threshold requirements for issuance have been met. *See id.*; *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979). Rule 17(c) subpoenas are not tools of discovery in criminal cases. *See Bowman Dairy*

Co. v. United States, 341 U.S. 214, 22 (1951); *Cherry*, 876 F.Supp. at 552. Rather, Rule 17(c) "is intended to expedite the trial by providing a time and place before trial to inspect the subpoenaed materials," *United States v. Weissman*, 2002 WL 31875410 at *1, and "is a device solely for the obtaining of evidence . . . only where . . . it is necessary that [a party] do so in order to make use of the material as evidence," *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962). "The weight of authority holds that in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence." *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y. 1995). Accordingly, "courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980).

### b. Argument

The instant subpoenas do not pass muster under Rule 17(c). They are overly broad in at least two respects.

First, rather than calling for specific items of documentary evidence that will be offered as trial exhibits, they seek, *inter alia*, "*any and all documents relating to* promissory notes given by Selim Zherka to Kevin Sisti and/or Pat Scarpa ..." (emphasis supplied) and "*any and all emails between* Kevin Sisti, Pat Scarpa, Genaro Morales, and Mark Pagani...." (emphasis supplied). Such language is facially overbroad and implicates the very kind of "fishing expedition" condemned by *Nixon* and its progeny. The instant subpoenas contain the kind of language one would expect to find in a grand jury subpoena or civil discovery demand (both of which are governed by entirely different and broader standards) and do not contain the kind of narrowly tailored language one would ordinarily expect to find in Rule 17(c) subpoenas. Among

3

other things, the language in the subpoenas calls for documents that may have absolutely no relevance to this case. Sisti, Scarpa, Morales, and Pagani may have conducted email correspondence on an number of matters that have nothing to do with the charges herein. Such emails are not discoverable at all, let alone by a Rule 17(c) subpoena.

Second, in calling for "any and all documents relating to...." and "any and all emails between...." the subpoenas are overbroad inasmuch as they seek the production of documents/records that are not admissible evidence. Documents/records that are business records, assuming they are relevant, are generally admissible since they fall within a defined exception to the rule against hearsay. But "any and all documents" relating to a transaction might contain any number of records that are naked hearsay and therefore inadmissible. And emails, to the extent they are out-of-court statements between two or more individuals are almost always necessarily hearsay and inadmissible (unless, of course, the emails in question are the defendant's and are offered against him as admissions). At most, the emails sought might contain impeachment material, but the many cases cited above make clear that Rule 17(c) subpoenas cannot be used as a discovery device in order to uncover such material. Accordingly, the subpoenas are unquestionably overbroad.

***

Finally, please consider this also a motion for a stay of compliance with the subpoenas until such time as the Court rules on the motion to quash.

## Conclusion

For the reasons set forth herein, the Government's motion to quash should be granted.

Dated:  White Plains, New York
       May 27, 2015

                PREET BHARARA
                United States Attorney
                Southern District of New York

By: _____
     PERRY A. CARBONE
     Co-Chief, White Plains Division

_____
ELLIOTT B. JACOBSON
Assistant United States Attorney

_____
ANDREW J. KAMEROS
Special Assistant United States Attorney

5

# EXHIBIT A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Selim Zherka, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," | ) ) | Case No. S4 14 CR 545 (CS) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Mark A. Pagani

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, SDNY 300 Quarropas Street White Plains, New York 10601 | Courtroom No.: | 621 |
|---|---|---|---|
| | | Date and Time: | 06/03/2015 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
See Rider (attached).

So Ordered

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 5/19/15

(SEAL)

Date:   05/15/2015

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Selim Zherka, who requests this subpoena, are:

Frederick P. Hafetz
Hafetz & Necheles LLP
10 East 40th Street, 48 Floor
New York, New York 10016
fhafetz@hafetznecheles.com
(212) 997-7400

## Rider

Definitions:

1. "Selim Zherka" means Selim Zherka or Sam Zherka or any Zherka-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

2. "Kevin Sisti" means Kevin Sisti or any Sisti-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

3. "Pat Scarpa" means Pat Scarpa or any Scarpa-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

4. "Mark Pagani" means Mark Pagani or any Pagani-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

5. "Genaro Morales" means Genaro Morales or any Morales-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

6. "Communications" means the transmittal or transfer of information (in the form of facts, opinions, ideas, inquiries or otherwise) by means of transmission;

7. "Documents" means any and all written, graphic, or printed matter of any kind, however produced or reproduced, including but not limited to, all originals drafts, working papers and non-identical copies, whether different from originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information may be obtained, or translated, if necessary, through detection devices into reasonable usable form;

8. "North Fork Deals" means the real estate transactions charged in counts one through five of the fourth superseding indictment filed in *United States v. Zherka*, 14-cr-545 (CS) (S.D.N.Y.).

Documents requested:

1. Any and all documents relating to promissory notes given by Selim Zherka to Kevin Sisti and/or Pat Scarpa in connection with the North Fork Deals and any payments by or on behalf of Selim Zherka relating to these promissory notes between 2005 and 2014, including but not limited to, financial ledgers.

2. Any and all emails between Kevin Sisti, Pat Scarpa, Genaro Morales, and Mark Pagani, and any and all emails between Kevin Sisti, Pat Scarpa, Genaro Morales, Mark Pagani, and Selim Zherka relating to the North Fork Deals between 2005 and 2014.

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Selim Zherka, a/k/a "Sam Zherka," a/k/a "Sammy Zherka," | ) ) | Case No.  S4 14 CR 545 (CS) |
| Defendant | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Genaro Morales

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, SDNY 300 Quarropas Street White Plains, New York 10601 | Courtroom No.: | 621 |
|---|---|---|---|
| | | Date and Time: | 06/03/2015 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
See Rider (attached).

So Ordered.

*/s/ Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 5/19/15

(SEAL)

Date:   05/15/2015

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Selim Zherka_____, who requests this subpoena, are:

Frederick P. Hafetz
Hafetz & Necheles LLP
10 East 40th Street, 48 Floor
New York, New York 10016
fhafetz@hafetznecheles.com
(212) 997-7400

## Rider

Definitions:

1. "Selim Zherka" means Selim Zherka or Sam Zherka or any Zherka-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

2. "Kevin Sisti" means Kevin Sisti or any Sisti-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

3. "Pat Scarpa" means Pat Scarpa or any Scarpa-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

4. "Mark Pagani" means Mark Pagani or any Pagani-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

5. "Genaro Morales" means Genaro Morales or any Morales-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

6. "Communications" means the transmittal or transfer of information (in the form of facts, opinions, ideas, inquiries or otherwise) by means of transmission;

7. "Documents" means any and all written, graphic, or printed matter of any kind, however produced or reproduced, including but not limited to, all originals drafts, working papers and non-identical copies, whether different from originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information may be obtained, or translated, if necessary, through detection devices into reasonable usable form;

8. "North Fork Deals" means the real estate transactions charged in counts one through five of the fourth superseding indictment filed in *United States v. Zherka*, 14-cr-545 (CS) (S.D.N.Y.).

Documents requested:

1. Any and all documents relating to promissory notes given by Selim Zherka to Kevin Sisti and/or Pat Scarpa and any payments by or on behalf of Selim Zherka relating to these promissory notes in connection with the North Fork Deals between 2005 and 2014;

2. Any and all emails between Kevin Sisti, Pat Scarpa, Genaro Morales, and Mark Pagani, and any and all emails between Kevin Sisti, Pat Scarpa, Genaro Morales, Mark Pagani, and Selim Zherka relating to the North Fork Deals between 2005 and 2014.

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Selim Zherka, a/k/a "Sam Zherka," a/k/a "Sammy Zherka,"<br>*Defendant* | ) ) ) ) ) ) | Case No. S4 14 CR 545 (CS) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Pat Scarpa

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, SDNY<br>300 Quarropas Street<br>White Plains, New York 10601 | Courtroom No.: | 621 |
|---|---|---|---|
| | | Date and Time: | 06/03/2015 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
See Rider (attached).

So Ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.

Dated: 5/19/15

(SEAL)

Date:   05/15/2015

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Selim Zherka                                          , who requests this subpoena, are:

Frederick P. Hafetz
Hafetz & Necheles LLP
10 East 40th Street, 48 Floor
New York, New York 10016
fhafetz@hafetznecheles.com
(212) 997-7400

## Rider

Definitions:

1. "Selim Zherka" means Selim Zherka or Sam Zherka or any Zherka-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

2. "Kevin Sisti" means Kevin Sisti or any Sisti-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

3. "Pat Scarpa" means Pat Scarpa or any Scarpa-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

4. "Mark Pagani" means Mark Pagani or any Pagani-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

5. "Genaro Morales" means Genaro Morales or any Morales-affiliated entities, including but not limited to corporations, limited liability corporations, trusts, or partnerships;

6. "Communications" means the transmittal or transfer of information (in the form of facts, opinions, ideas, inquiries or otherwise) by means of transmission;

7. "Documents" means any and all written, graphic, or printed matter of any kind, however produced or reproduced, including but not limited to, all originals drafts, working papers and non-identical copies, whether different from originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information may be obtained, or translated, if necessary, through detection devices into reasonable usable form;

8. "North Fork Deals" means the real estate transactions charged in counts one through five of the fourth superseding indictment filed in *United States v. Zherka*, 14-cr-545 (CS) (S.D.N.Y.).

Documents requested:

1. Any and all documents relating to promissory notes given by Selim Zherka to Kevin Sisti and/or Pat Scarpa and any payments by or on behalf of Selim Zherka relating to these promissory notes in connection with the North Fork Deals between 2005 and 2014;

2. Any and all emails between Kevin Sisti, Pat Scarpa, Genaro Morales, and Mark Pagani, and any and all emails between Kevin Sisti, Pat Scarpa, Genaro Morales, Mark Pagani, and Selim Zherka relating to the North Fork Deals between 2005 and 2014.

1