

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

June 19, 2015

Hon. Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re: *United States v. Selim Zherka*
       S4 14 Cr. 545 (CS)

Dear Judge Seibel:

    At the June 18, 2015 pre-trial conference, the Court granted, in part, the Government's motion to quash the defendant's Rule 17(c) subpoenas to the cooperating witnesses in this case. At the conclusion of the conference, defense counsel requested that the Court deem the subpoenas (to the extent they were quashed) reserved on the witnesses and returnable on October 1, 2015, the first day of trial ("the new subpoenas"). The Court did so and set a schedule for motions to quash the new subpoenas. Notwithstanding defense counsel's suggestion at the conference that the standard governing subpoenas duces tecum returnable at trial is different from that governing those returnable pre-trial, *see* Transcript of June 18, 2015 ("Tr.") at 26, as demonstrated below, the same standard governs both, and consequently, the new subpoenas should be quashed.

    As an initial matter, the Government has standing to contest these subpoenas for the same reasons set forth in our motion to quash the earlier pre-trial Rule 17(c) subpoenas to the cooperating witnesses. In this regard, we note that Counsel for those witnesses have informed the Government that their clients join in this motion.

    There is only one Federal Rule of Criminal procedure governing subpoenas *duces tecum*, and it provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Federal Rule of Criminal Procedure 17(c). The rule does not create two separate species of subpoenas *duces tecum* with different standards governing the reach of each. Rather, it merely provides a mechanism whereby a party may obtain pre-trial production of the materials in

question. As the Second Circuit has stated, "Rule 17(c) was not intended to provide an additional means of discovery.... Its purpose is rather that of the traditional subpoena duces tecum, to permit a party to obtain books, papers, documents or other objects for use by him as evidence. *The provision for pretrial inspection is merely a subsidiary one, to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."* United States v. Murray, 297 F.2d 812, 821 (2d Cir. 1962) (internal quotations and citations omitted; emphasis supplied); *see also United States v. Boyle*, 2009 WL 484436 (SDNY) at *2 ("Rule 17 does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material").

While it is true that the most significant case governing the substantive reach of Rule 17(c) subpoenas, *United States v. Nixon*, 418 U.S. 683 (1974) dealt with a subpoena *duces tecum* that was returnable prior to trial, nothing in the reasoning of that case or the language of Rule 17(c) itself compels a different result when the subpoena *duces tecum* in question is returnable at trial. Given the readily apparent, self-evident validity of that proposition, there are, as one might expect, few decisions directly on point. But the reported decisions touching on this issue fully support a conclusion that the standards governing the substantive reach of Rule 17(c) subpoenas does not vary depending on their return dates (*i.e.*, before or at trial).

Thus, in *United States v. Ovu*, 1992 WL 309804 (SDNY) at *1-2, the defendant moved to quash or modify a subpoena *duces tecum* served upon him by the Government requiring him to produce *at trial* certain materials "if, as, and when" he chose to testify. Notwithstanding that the subpoena did not require the production of the materials in question pre-trial – indeed, given the Fifth Amendment, it could not have – the District Court employed the three-pronged test of (1) relevancy, (2) admissibility, and (3) specificity set forth in *Nixon* to evaluate the substantive reach of the subpoena. Likewise, in *United States v. Salavagno*, 267 F.Supp.2d 249, 250, 252 (N.D.N.Y. 2003), the Government and non-parties moved to quash Rule 17(c) subpoenas served by the defendants and made returnable *at trial*. Again, notwithstanding that the subpoenas did not require the production of the materials in question pre-trial, the District Court held that the standards set forth in *Nixon* governed the motion to quash. Finally, in a pre-*Nixon* case, *Gilmore v. United States*, 256 F.2d 565, 567 (5th Cir. 1958), where the defendant issued a Rule 17(c) subpoena *duces tecum* to a federal agent, which was returnable *at trial*, the Court of Appeals upheld the trial court's quashing of the subpoena because, "[a] subpoena duces tecum is not a discovery weapon as such [and Rule 17(c)] contemplates, in its broader sense ...any document or other materials, admissible as evidence."

In granting the Government's motion to quash the pre-trial versions of the Rule 17(c) subpoenas in question in so far as they called for the production of emails amongst the co-conspirators (*i.e.*, "Document request 2" on the riders to all of the subpoenas), the Court stated, in pertinent part, as follows:

> ... the hurdles have not been met. First of all, there is no specificity whatsoever. It's just a large category of e-mails requested on a broad subject matter. There's no representation as to the contents or existence of these documents. It seems like fishing. And indeed by Mr. Hafetz's admission, he doesn't know what he's asking for,

he doesn't know what's in these e-mails. They are probably relevant but I can't really tell because they're not specific and we don't know what's in them. I don't know if they would be admissible.... The defendant says they would be admissible not for their truth but for the fact that they were said. But since we don't know what was said we have no idea if they would be admissible. And it's the defendant's burden. So it hasn't been met.

Tr. at 23-24. Moving the return date of the subpoenas to October 1, 2015, the first day of trial, does not change the fact that they do not meet the requirements of specificity or admissibility under the *Nixon* standard, which, as per the authority set forth above, is the applicable standard here. Accordingly, we respectfully request that the Court quash the new subpoenas.

                                            Respectfully yours,

                                            Preet Bharara
                                            United States Attorney

By:       /s/ Perry A. Carbone
           Perry A. Carbone
           Elliott B. Jacobson
           Assistant United States Attorney

           /s/ Andrew J. Kameros
           Andrew J. Kameros
           Special Assistant U.S. Attorney

cc: Fred Hafetz, Esq. (by email and mail)
    Andrew Bowman, Esq. (by email and mail)
    George Weinbaum, Esq. (by email and mail)
    Nathan Silverstein, Esq. (by email and mail)
    Leonard Atkinson, Esq. (by email and mail)