

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

January 11, 2016

Hon. Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

 Re: *United States v. Selim Zherka*
   S4 14 Cr. 545 (CS)

Dear Judge Seibel:

 We write to seek an an order directing the defendant to show cause forthwith why he should not be ordered to pay as restitution to the New York State Department of Taxation and Finance ("the Department of Taxation") the full amount of all outstanding New York State tax warrants issued against him and entities as to which he is the responsible party, as well as penalties and interest thereon, namely: $469,163.59.[1]

## Relevant Facts/Procedural History

### A. Motions *In Limine*

 As the Court will no doubt recall, the New York State tax warrants in question were the subject of prior litigation in this case concerning their admissibility as similar act evidence. The defendant moved *in limine* to exclude evidence of the warrants claiming, *inter alia*, that, " "the state tax warrants that the government intends to introduce are subject to ongoing review and potential reconsideration." Defendant Selim Zherka's Memorandum of Law in Support of Defense Motions *in Limine* 1 Through 6 at 20. In response, the Government stated:

> To begin with, according to the New York State Department of Taxation and Finance ("the Department of Taxation"), several of the Warrants (B2, BS, B6, B7, and B10) have never been contested and have never been paid.[7] Two of the Warrants (B3 and B11) were the subject of unsuccessful informal protests and have never been paid. One of the Warrants (B4) was the subject of a formal protest that resulted in an adjustment of the

---

[1] The Judgment herein states that, "The determination as to N.Y. State tax warrants is deferred until 2/22/2016." No hearing/conference has been set for that date, and we assume that the Court meant for February 22 be an outside date for this determination, not that the determination could not and should not, if possible, be made before then.

assessment in the taxpayer's favor; but that adjusted amount, reflected in the Warrant, has never been paid. Two of the warrants (B1 and B8) were the subject of formal protests that resulted in a settlement whereby the taxpayer agreed to pay a reduced amount (approximately $206,000, *see* Stipulation for Discontinuance of Proceeding dated February 3, 2015, attached hereto as **Exhibit D),** but he has, to date, not paid that sum. And only one of the Warrants (B9) is the subject of an ongoing informal protest. Thus, defendant's claim that "the state tax warrants [plural] ... are subject to ongoing review and potential reconsideration," Def. Motion *In Limine* at 20, is simply false, and the Warrants that are not under protest should, without question, be admitted.
Even the single warrant that is the subject of an ongoing protest (B9) should be admitted under Rule 404(b). Tax warrants in New York State, once filed- as B9 was - have the force and effect of judgments, see New York State Tax Law § 279-b. The defendant lodged four informal protests of the assessment in question before the Warrant was issued, *see* Exhibit C, and in each case, the protest was turned aside and the assessment sustained. The Warrant was thus filed as a judgment after the defendant had had notice and more than a full opportunity to be heard.

Government's Memorandum of Law in Opposition to Defendant's Motions *in Limine* 1 Through 6 at 13. Finally, in an unauthorized reply, the defendant contended that:

> [T]he government... has mischaracterized the status of the\judgments we are seeking to preclude. The government itself acknowledges that the judgments are subject to negotiation, as they provide details regarding the fact that several of the judgments have already been reduced. Government Opp. at 13. What the government overlooks is that the warrants – even those for which earlier protests by Mr. Zherka were "turned aside"—are still subject to ongoing review and potential reconsideration by the Department of Taxation. The taxes that the Government seeks to admit are based upon statutes and policies different from those underlying the personal income taxes at issue in the Indictment. For example, it is not unusual for business owners to have interpretation issues arise during the course of compliance with their tax-related obligations that often leads to abatement or reduction of assessments or judgments.

Defendant Selim Zherka's Reply Memorandum of Law in Support of Defense Motions *in Limine* 1 Through 6 at 18. Rejecting the premise of the defendant's Reply, the Court ruled the evidence of the warrants admissible as the following colloquy makes clear:

> MR. JACOBSON: We spoke to the New York State, not his counsel, but to the New York State Department of Taxation and Finance, to their counsel, and set forth the information in our response. There is one of these that is under consideration. None of them have been challenged, the challenges have been rejected, or
>
> THE COURT: I think what Mr. Martinez just said is they could still be challenged.
>
> MR. JACOBSON: Well, you know, these are judgments of the State of New York by statute. The State of New York, even though they're judgments, because they want to collect money, will allow you to come in and try to, you know, work a settlement. The IRS does that, too. But the notion that that gives him until the end of time and is an excuse for the nonpayment of judgments that he's challenged and that have been rejected, and it

>   happened years ago and he hasn't paid these, that's -- you know, "Well, maybe we could have, should have, ill some day challenge it," is not enough to keep these out.....
>
>   THE COURT: .... And the defendant argues that if the government introduces the state tax warrants, then the defendant is going to call, in fact, an expert witness to explain that they're under review, and they could be revised downward or eliminated. The government says, ten out of the eleven are not under review, and that the charges and this evidence are sufficiently similar under the law that the defendant is charged with -- false returns and obstructing the IRS by habitually failing to file and filing false individual and partnership returns over a 15-year period -- and that they correctly argue that uncharged acts of the defendant's taxpaying history are regularly admitted in tax cases where willfulness needs to be proven.... And the fact that there's only one live controversy, seems to me we don't have to worry about a mini trial. And so assuming that the government can lay the foundation that the defendant is the responsible party for these corporations, which seems to be undisputed, and that, you know, the money to pay was there, it seems to me that failure to pay does cast light on whether his charged actions were willful or not. So I will admit, under 404 (b), evidence that the defendant failed to pay taxes due and owing by his entities on the issue of his willfulness, in connection with the charged crimes....

Transcript of Proceedings of June 1, 2015 at 65-68.

### B. The Defendant's Plea Agreement

The defendant's plea agreement provided, in pertinent part, as follows:

>   It is further understood that the defendant shall pay, as restitution to the [Department of Taxation], all outstanding tax warrants issued against him and entities as to which he is the responsible party, as well as applicable fraud penalties and interest thereon, on such terms and conditions as will be agreed upon between the defendant and the aforesaid taxing authority. And it is further understood that the obligation to make such restitution to the aforesaid taxing authority shall be made a condition of probation, *see* 18 USC §3563(b)(2), or of supervised release, *see* 18 USC §3583(d), as the case may be.

### C. Sentencing

In preparation for sentencing, we obtained a statement of the defendant's outstanding tax bill in connection with the warrants in question from the Department of Taxation and forwarded a copy of the statement to defense counsel. We also contacted Mr. Hafetz a day or two before sentencing to ascertain his position with respect to restitution on the tax warrants. He responded only that "someone else" was working on that and that he could not be expected to deal with all sentencing issues, notwithstanding that he was/is the defendant's chief counsel.

At the sentencing itself, the following relevant colloquy occurred:

>   MR. HAFETZ: .... Mr. Jacobson said there are state tax warrants for about $500,000. My understanding is that's not correct. The lawyer who is handling those matters for Mr.

> Zherka, Alvan Bobrow, sits in the courtroom today. He advises me the amount is about $250,000 and is still being negotiated with the State tax authorities.
>
> THE COURT: Aren't they judgments?
>
> MR. HAFETZ: Pardon me?
>
> THE COURT: Aren't they judgments?
>
> MR. HAFETZ: I'm sorry, Your Honor?
>
> THE COURT: Are they not judgments?
>
> MR. HAFETZ: Maybe judgments, but my understanding is that they are still being negotiated, that they've made, they've made no deal, so says Mr. Bobrow.

Transcript of Proceedings of December 22, 2015 at 77.[2] Consequently, the Court deferred reaching a determination of the amount of restitution due with respect to the New York State tax warrants and, in the absence of an agreement between the parties on this issue, asked for submissions from them with respect to it. *Id.* at 109-11.

### D. Post-sentencing

On Friday, January 8, 2016, the Government was informed by the Department of Taxation that, as of then, the defendant owed New York State $469,163.59 in connection with the outstanding tax warrants.[3] And, not surprisingly, the Department of Taxation, through Argi

---

[2] It is clear from the above colloquy that when Mr. Hafetz informed the Government that "someone else" was working on this issue, that someone else was Alvan Bobrow, Esq. This is the same Alvan Bobrow who, during the bail proceedings herein (as part of the defendant's cynical and obstructive attempt to debunk, at least implicitly, tax allegations in the Indictment he knew to be true), submitted an affidavit in which he averred as follows: "In my work with Mr. Zherka over the years, I have always found him to be principled and trustworthy as well as a responsible taxpayer. He invariably seeks to be in full compliance with the tax laws and regularly remits trust fund taxes when due." Memorandum of Law in Support of Selim Zherka's Motion for Reconsideration of the Court's Pretrial Detention Order at 47 and Ex. W. All of this is not to denigrate Mr. Bobrow – we assume he made the quoted statements in his affidavit in good faith – but rather to say that his knowledge concerning the defendant's tax posture appears to be limited at best and his statements concerning it should be afforded little if any weight.

[3] As indicated in a chart provided by the Department of Taxation, attached hereto as Exhibit A, the monetary total of the outstanding warrants (including penalties and interest) was $568,769.76 through January 8. The amount of the first-listed warrant on Exhibit A – $99,606.17 – has been subtracted from the larger figure because, according to the Department of Taxation, that warrant was issued against the defendant personally for some of the same monies that were/are owed by SBL Holdings, Inc. in connection with the eighth-listed warrant on Exhibit A. Further, the warrant listed as 6A on Exhibit A was not earlier produced to the Government – it was just

O'Leary, Deputy Commissioner, Civil Enforcement Division, has further informed us that, "all protest matters have now been resolved with no additional relief granted to the taxpayers."

## Argument

The defendant's Plea Agreement obligates him to pay the warrants (as well as penalties and interest thereon), irrespective of whether he agrees with them. Beyond that the defendant has had every opportunity to protest the warrants before the Department of Taxation. And notwithstanding his repeated claims during the motions *in limine* litigation and at sentencing that his protests were going to result in reductions and/or elimination of his liabilities under the warrants, he has lost all of those protests. He should be ordered to show cause forthwith as to why he should not be ordered to pay as restitution the full amount the Department of Taxation now says is due and owing, namely: $469,163.59.

Respectfully yours,

Preet Bharara
United States Attorney

By: _____
Elliott B. Jacobson
Assistant United States Attorney

cc: Fred Hafetz, Esq. (by email and mail)

---

produced to us by the Department of Taxation on January 8 – and, accordingly, was not produced by us to the defendant in discovery. It is attached hereto as Exhibit B.

# Exhibit A

United States v. Selim Zherka, 14 Cr. 545 (CS)
Prepared by New York State Department of Taxation and Finance
January 8, 2016

| # | Taxpayer | E# | Dated docketed | Date notice mailed to TP | Protested | Protested? If yes, when? | Date Decided | Status (protest/paid) | Balance as of 1/8/2016 |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Selim Zherka, Individually and as responsible person of SBL Holdings Inc. | E-023622779-W003-2 | 9/10/2009 | 9/11/2009 | Yes (Formal) | T-030877225 / (Rec'd 4/18/11) | Sustained- closed 5/22/15 | Settled / Balance owing - Warrant not satisfied | $99,606.17* |
| 2 | ABCZ Corp. | E-036997712-W001-2 | 3/10/2014 | 3/26/2014 | None | | | Satisfied 12/08/2015 | $0.00 |
| 3 | Big Daddy Records, Ltd. | E-023254282-W001-2 | 7/8/2005 | 7/15/2005 | Yes (Informal) | K-532722108 / (Rec'd. 11/22/05) | Sustained-Closed 12/27/2005 | Warrant not satisfied | $875.49 |
| 4 | Ciao Restaurant Corp. | E-722110084-W001-9 | 11/6/2008 | 12/12/2008 | Yes (Formal) | T-029069571 /(Rec'd 8/29/2007) | Adjusted-Closed 5/27/08 | Warrant not satisfied | $94,672.98 |
| 5 | Citizens Against Injustice 07, Inc. | E-030927940-W001-9 | 1/19/2010 | 1/22/2010 | None | | | | Warrant not satisfied | $393.44 |
| 6 | Prenjonti Management Corp. | E-018984384-W004-6 | 1/28/2008 | 2/1/2008 | None | | | Warrant not satisfied | $226.87 |
| 6A | Prenjonti Management Corp. | E-018984384-W001-3 | 9/23/2005 | 10/28/2005 | None | | | Warrant not satisfied | $776.27 |
| 7 | SBL Holdings, Inc. | E-020455120-W003-6 | 1/29/2009 | 2/20/2009 | None | | | Warrant not satisfied | $2,949.10 |
| 8 | SBL Holdings, Inc. | E-020455120-W004-1 | 4/15/2009 | 5/15/2009 | Yes (Informal) | K-435733117 / (Rec'd 12/22/10) T-121096440 / (Rec'd 04/18/11) | Sustained-Closed 1/12/11 Adjusted-Closed 5/21/15 | Settled / Balance Owing - Warrant not satisfied | |
| 9 | Sushi Fun Dining & Catering, Inc. | E-035480029-W002-4 | 3/18/2014 | 4/2/2014 | Yes (Informal) Yes (Informal) Yes (Informal) Yes (Informal) Yes (Informal) | K-351925161 (Rec'd: 5/14/14) K-142004670 (Rec'd: 12/16/13) K-142350640 (Rec'd: 11/5/13) K-140071544 (Rec'd: 7/12/13) K-140850236 (Rec'd: 2/14/13) | Sustained-Closed 12/31/15 Sustained-Closed 12/23/13 Sustained-Closed 11/12/13 Sustained-Closed 10/10/13 Sustained-Closed 6/17/13 | Warrant not satisfied | $189,466.72 |
| 10 | Zherka, Dowling, Fiore, Butch, Lukaj & O'Neill, Inc. | E-026484842-W001-4 | 5/24/2006 | 6/1/2006 | None | | | Warrant not satisfied | $176,524.58 |
| 11 | Zherka, Dowling, Fiore, Butch, Lukaj & O'Neill, Inc. | E-026484842-W003-3 | 12/5/2011 | 12/30/2011 | Yes (Informal) | K-141425037 /(Rec'd: 8/22/13) | Sustained-Closed 10/29/13 | Warrant not satisfied | $675.74 |
| | | | | | | | | | $2,602.40 |
| | | | | | | | | TOTAL: | $469,163.59 |

*NOT INCLUDED IN BALANCE-
Outstanding balance covered by warrant id# E-020455120-W004-1 for SBL Holdings Inc.

# Exhibit B



**New York State Department of**
# Taxation and Finance
Civil Enforcement - CO - ATC
W A Harriman Campus
Albany NY 12227-0001

# Warrant



## Commissioner of Taxation and Finance
### against

**Judgment Creditor**

PRENJONI MANAGEMENT CORP.
PO BOX 220376
GREAT NECK, NY 11022-0376

**Judgment Debtor**
**Last Known Address**

**Warrant ID:**
E-018984384-W001-3

**County of Judgment:**
NASSAU

**Article of Tax Law:**
9A

The people of the state of New York to:  M GUZMAN
an officer or employee of the Department of Taxation and Finance: **Whereas** a tax has been found due to the Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon, are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| L-025142217-4 | 12/31/03 | $ 0.00 | $ 356.00 | $ 19.95 | $ 375.95 |
| 1/5/16 | $775.79 | | | | |
| | | | | Total amount due ➤ | $ 375.95 |

And whereas, said tax, interest and penalties now remain wholly unpaid;

**Now therefore, we command you** to file a copy of this warrant within five days after its receipt by you in the office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you,** that you satisfy said claim of said **Commissioner of Taxation and Finance** for said tax with penalties and interest out of the real and personal property in said county belonging to said debtor and the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the money collected, to the Commissioner of Taxation and Finance of the state of New York.

**Levy and collect** total amount due shown above plus accrued interest and any additional penalties provided by law.

Current interest rate   8.00 % per year on $375.95       from   SEPTEMBER 08, 2005
The interest rate may vary according to the Tax Law.

**Warrant** received at 9 o'clock A.M. on

DOCKETED DATE:  09/23/05              Issued By _____    for the Commissioner
DTF-977 (7/95)                              Deputy Tax Commissioner         of Taxation and Finance